## UNITED STATES v. MATSUMATO.
### No. 5999.

District Court, S. D. Florida, Miami.
June 10, 1942.

Herbert S. Phillips, U. S. Atty., and Ernest L. Duhaime, Asst. U. S. Atty., both of Miami, Fla., for plaintiff.

David Donald Phillips, of Miami, Fla., for defendant.

HOLLAND, District Judge.

Be it remembered that this case was tried before the Court without a jury, jury having been waived, and on the 5th day of June, 1942, a verdict of guilty was rendered. Counsel for the defendant requested a postponement of sentence, and now files a written request for a statement by the Court as to findings of fact and conclusions of law, and for written opinion. Inasmuch as this case involves a prosecution under more or less new legislation, to-wit, the Act of June 30, 1938, 15 U.S.C.A. § 901 et seq., involving the transportation of firearms and ammunition, the Court is pleased to conform to the request of the defendant.

The defendant testified that he had purchased the pistol in the City of Miami, and makes the contention, through counsel that if the Court believes his testimony as to his purchase, that the pistol had ceased to be a subject of interstate commerce, and had come to rest in the State of Florida, and that the defendant could not be successfully prosecuted under this indictment. Should the Court find that defendant's testimony is to be believed, before the defendant could be found to be guilty, construction would necessarily have to be placed upon Section 2 of the Act, 15 U.S.C.A. § 902, to the effect that any shipment or transportation of the pistol from without the State of Florida into the State of Florida subsequent to the effective date of the Act would make it unlawful for the defendant who has been convicted of a crime of violence to receive said pistol, and that his possession by virtue of its purchase would be presumptive evidence that such pistol had been shipped or transported in violation of said Act. Such construction of the Act fails to recognize the doctrine that an article of merchandise shipped in interstate

commerce ceases to become the subject of interstate commerce when it has come to rest within the borders of the State into which it was shipped. A firearm could be unlawfully transported, shipped, or received, in interstate commerce in violation of subsection (a) of said Section 2 of the Act, and the manufacturer or dealer under said section would be guilty of violating the law. At the same time, I° do not think that the person who receives that firearm is guilty of violating the law unless his reception of the firearm is in some way connected with interstate commerce. Unless therefore the defendant in this case in receiving the pistol in question from the negro from whom he bought it can be said to have received an article in interstate commerce, I am of the opinion that he would not be guilty.

A firearm unlawfully shipped in interstate commerce in violation of the said Act, in my opinion, is contraband, and if a person receives such contraband, knowing that it is contraband, or under such circumstances that he is charged with knowledge that it is contraband, then I am of the opinion that such person would be guilty of receiving such contraband firearm, even though he did not directly receive it in interstate commerce. The sale of a firearm in the State of Florida by a merchant, storekeeper, or dealer, is unlawful unless such merchant, storekeeper, or dealer, who shall keep for sale, or sell, such firearm first pays the license tax required by the State of Florida. Compiled General Laws of Florida, 1927, Section 7439. Dealers in firearms, including pistols, are required to pay a special license tax. Section 1084, Compiled General Laws of Florida, 1927. If it is found that the defendant did buy the pistol from the negro, still if the negro obtained the pistol in violation of any provisions of the Act in question, it being thereby contraband, in my opinion the defendant would be guilty of receiving such contraband merchandise under the Act in question, if he knew that it had been shipped in interstate commerce unlawfully, or if the facts surrounding his purchase charge him with such notice. A purchase by the defendant of a pistol from an individual was the purchase of a firearm which the Legislature of the State of Florida requires a special license for a dealer in such firearms to sell, and I am of the opinion that the possession of the pistol by the defendant under the facts in this case, even though it is believed that he received it by purchase from the negro, is presumptive evidence that the pistol in question had been shipped, or transported, or received, by someone who had brought it into the State of Florida in violation of the provisions of the Act.

If this case had been tried to a jury, I would have instructed the jury as I have expounded the law in this opinion. I think the defendant would have been entitled to an exception to such charge so that he could have tested the charge in perfecting an appeal. I now give him that benefit. I decline, however, to state that the Court, sitting as a trier of facts, does or does not give credence to the testimony of the defendant in regard to his purchase of the pistol. I think that it is a function of a jury to decide such matters of fact, and to determine guilt or innocence after a proper charge by the Court. When a case is tried by the Court without a jury, I am of the opinion that it would be prejudicial to both the Government and the defense categorically to answer the question in the affirmative or the negative. The defendant's explanation of his acquisition of the possession of the pistol is unsatisfactory. The Government has no evidence to rebut that explanation. Little is known of the defendant other than his criminal record, and as a trier of the facts, I do not care to say whether the defendant is to be believed in his explanation or not. If he is not believed, then unquestionably a jury should have found him guilty. Even though he is believed, his explanation is unsatisfactory, and under the law as I have expounded it in this opinion, I have found him guilty.